COOK *et al. vs.* WEAVER, EXECUTOR.

APPEAL, FROM COWETA. Administrators and Executors. Jurisdiction. Ordinary. Infancy. Constitutional Law. (Before Judge Simmons.)

Jackson, C. J.—. Where an executor obtained his discharge and became a resident in a different county from that of the administration, the court of ordinary of the county where the administration had been had no jurisdiction to call him to account in respect to the will of the decedent, under §2598 *et seq.* of the Code. The power to cite an executor to a settlement has reference to an executor who still remains such, and not to one who has been discharged. Code, §§2598, 2599, 2600, 2602, 2603, 2604, 2605, 2608; Const. 1877. art. 6, sec, 16, par. 3, 4.

(a) The fact that the discharge may be set aside for fraud does not confer jurisdiction upon the ordinary to issue a citation for a settlement until the discharge has been so set aside. Code, §2608.

(b) The right conferred upon minors by §2607 of the Code, to bring suit against an administrator or executor within five years after arriving at majority, and the provision that they shall not be barred by his discharge, does not apply to a citation by the ordinary issued to a discharged executor requiring him to account.

2. The power in the ordinary to cite an administrator or executor to an accounting under §§2598, *et seq.*, of the Code, includes the power to make an account to see what each heir or distributee is entitled to receive, after costs of administration and debts are paid, and to issue execution for such sum, or, by attachment for contempt, to coerce its payment; but it is not within the ordinary's power, under these sections of the Code, to construe intricate bequests and settle difficult legal questions arising under a will. 21 Ga., 21, 44, 45; 52 Id., 15; 54 Id., 180; 69 Id., 734; 71 Id., 11; Code, §§2600, 2599.

(a) The ordinary having no jurisdiction to hear the cause, the citation was properly dismissed on demurrer.

Judgment affirmed.

H. Buchanan; McLendon & Freeman; J. B. S. Davis, for plaintiffs in error.

P. H. Brewster, for defendant.